UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON, | No. 2:15-cv-1870 CKD P |
| Plaintiff, | |
| v. | ORDER & |
| FRANK NIETO, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

I. Introduction

Plaintiff is a California parolee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. In the operative complaint, plaintiff alleges that the director of a state-affiliated treatment program for sex offenders violated his Fifth Amendment right against self-incrimination. (ECF No. 5.) The undersigned found that service was appropriate for defendant Nieto. (ECF No. 7.)

Before the court is plaintiff's motion for preliminary injunction and/or temporary restraining order. (ECF No. 11.) He seeks an order enjoining defendant from administering any polygraph examination that requires disclosure of "past sexual misconduct" or any facts related to evidence of criminal conduct. (Id. at 2.) He also asks that defendant be enjoined from "terminating plaintiff's participation in the sex offender management program at Cameron Park Counseling Center on the grounds of non-cooperation with the program requirements where the

basis of the non-cooperation is plaintiff's legitimate exercise of the privilege against self-incrimination[.]"  (Id.)  Plaintiff asserts that he is facing the imminent injury of parole revocation and/or exclusion from the sex offender treatment program.  (Id. at 3.)

Before service of the complaint was effected on defendant, the undersigned ordered the state Office of the Attorney General to address plaintiff's alleged need for immediate relief.  (ECF No. 15.)  Though the office did not represent defendant at the time, a deputy attorney general made a special appearance to respond to plaintiff's motion.  (ECF No. 18.)

Defendant opposes the motion.[1]  (ECF Nos. 38 & 39.)

II. Legal Standard

The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

In addition to showing a likelihood of irreparable injury, plaintiff must show a "sufficient causal connection" between the alleged injury and the conduct sought to be enjoined such that the injunction would effectively minimize the risk of injury.  Perfect 10, Inc. v. Google, Inc., 653 F.3d 976, 982 (9th Cir. 2011).

When deciding whether to issue a preliminary injunction, the court may rely on declarations, affidavits, and exhibits, among other things, and this evidence need not conform to the standards that apply at summary judgment or trial.  Johnson v. Couturier, 572 F.3d 1067,

---

[1] Defendant has also filed a motion to dismiss, not addressed herein.  (ECF No. 24.)

1083 (9th Cir. 2009); see also Lac v. Nationstar Mortgage LLC, 2016 WL 3135841, *4 (E.D. Cal. June 2, 2016) (collecting cases).

III.  Discussion

A. Facts

Cameron Park Counseling Center ("CPCC") is a mental health clinic that sees private patients in El Dorado County, California.  (ECF No. 39 ("Humphrey Decl."), ¶ 2.)  CPCC also contracts with the California Department of Corrections ("CDCR") to provide therapy for convicted sex offenders as part of their conditions of parole.  (Id., ¶ 2.)  Defendant Nieto is the Program Director at CPCC.  (Id., ¶ 1.)

Plaintiff is a registered sex offender who has been convicted of both sexual and non-sexual offenses.  (ECF No. 18-1 ("Mauch Decl.")[2], ¶ 5.)  When plaintiff became eligible for parole in July 2012, he signed the State of California's "Special Conditions of Parole" form (CDCR 1515 and 1515 Addendum) listing the conditions of his parole, violations of which could subject him to arrest and reincarceration.  (Id., ¶ 6; see Mauch Decl., Ex. A.)  These conditions included:

> 11.  You hereby agree to waive psychotherapist-patient privilege, and agree to polygraph examinations while on parole supervision.
>
> 12.  Upon reporting to outpatient sex offender treatment, you shall sign the forms presented by the treatment provider, including an information release and a "Consent to Polygraph" form.

(Mauch Decl., Ex. A.)

The gravamen of the complaint is that these conditions are unconstitutional, and that for purposes of enforcing them, defendant is a state actor.  See United States v. Bahr, 730 F.3d 963, 966 (2013) ("When the government conditions continued supervised release on compliance with a treatment program requiring full disclosure of past sexual misconduct, with no provision of

---

[2] D. Mauch is employed by CDCR as a parole agent.  Mauch has been plaintiff's parole agent since 2015, when plaintiff relocated to El Dorado County.  (Id., ¶¶ 1-2.)  Mauch's declaration was first submitted by the Office of the Attorney General and resubmitted along with defendant's opposition to the motion for injunctive relief.  (ECF No. 39-3.)

3

immunity for disclosed conduct, it unconstitutionally compels self-incrimination."), citing United States v. Antelope, 395 F.3d 1128, 1133-39 (9th Cir. 2005).  "The threat of revocation is itself sufficient to violate the privilege[.]"  (Id.)  See also United States v. Von Behren, --- F.3d ----, 2016 WL 2641270, *9 (10th Cir. May 10, 2016) ("[A] threat to revoke one's probation for properly invoking his Fifth Amendment privilege is the type of compulsion the state may not constitutionally impose.").  In response to plaintiff's motion, the deputy attorney general notes that the constitutionality of Cal. Penal Code § 3008 – which makes a waiver of the privilege against self-incrimination a mandatory condition of parole – is currently being reviewed by California Supreme Court.[3]  (ECF No. 18 at 3.)

       Once in El Dorado County, plaintiff reported to CPCC and signed a form agreeing to submit to the terms of sex offender treatment.  (Mauch Decl., ¶ 10.)  At CPCC, plaintiff was scheduled for regular group therapy and individual therapy.  (ECF No. 11 at 5 ("Holston Decl."), ¶ 5.)  He was asked to "take [questionnaire] tests on a computer consisting of 500 plus questions in one and 300 plus questions in another."  (Id., ¶ 6.)  Plaintiff felt "many of the questions . . . were incriminating or . . . would lead to the discovery of evidence of criminal conduct."  (Id., ¶ 7.)

       Plaintiff's parole agent, Mauch, informed him that if he "pled the [Fifth Amendment] in a polygraph examination or otherwise, that it would constitute non-cooperation with the program requirements, which would result in my termination from the CPCC program."  (Id., ¶ 10.)  Plaintiff would then "be required to go to another program in Sacramento or Auburn" and pay for his own transportation costs, which he could not do, being homeless and unemployed.  (Id., ¶¶ 10-14.)  Plaintiff asserts that if he invokes his Fifth Amendment privilege against self-incrimination at CPCC, he will be subject to parole revocation, and he will also violate parole when he is unable to attend a treatment program in another county.  (Id., ¶ 15.)

////

---

[3] People v. Garcia, 224 Cal. App. 4th 1283 (2014), review granted July 16, 2014, S218197; People v. Friday, 225 Cal. App. 4th 8 (2014), review granted July 16, 2014, S218288; People v. Klatt, 225 Cal. App. 4th 906 (2014), review granted July 14, 2016, S218755.

1    CPCC staff scheduled a polygraph examination of plaintiff to take place in December
2    2015.  (Id., ¶ 16.)  Before it occurred, however, plaintiff was arrested on unrelated charges and
3    has not been back to CPCC since.  (Id., ¶ 16; Humphrey Decl., ¶¶ 4-5.)
4    In fact, since his July 2012 release, plaintiff has violated his conditions of parole about
5    twenty-two times.  (Mauch Decl., ¶ 7.)  His violations include possession of pornography,
6    methamphetamine addiction, failure to appear at parole hearings, battery and obstruction of an
7    officer, possession of a knife and fire bomb, and consumption of alcohol.  (Id., ¶ 7.)  As a result
8    of these violations, plaintiff's parole term was extended and he has multiple convictions.  (Id., ¶
9    7.)
10   Plaintiff commenced this action in September 2015.  (ECF No. 1.)  After plaintiff was
11   reincarcerated for violating his parole, he sent defendant "multiple extortion letters threatening
12   further lawsuits and demanding extravagant sums of money" in exchange for dropping this case.
13   (Humphrey Decl., ¶ 4.)  In a February 2016 letter to defendant, plaintiff threatened to "expose"
14   defendant if he did not settle this action for a certain sum.  (Mauch Decl., Ex. B.)  Plaintiff's
15   parole agent, Mauch, declares that "in Yuba County, [plaintiff] became notorious for filing
16   lawsuits or threatening local law enforcement individuals and contractors with lawsuits, after
17   which he would request a flat-sum payment for dropping the case."  (Mauch Decl., ¶ 11.)
18   Defendant's attorney declares that defendant "has told me on numerous occasions that
19   [plaintiff] will never be permitted to return for treatment at [CPCC] for a multitude of reasons
20   including the multiple threatening letters including extortion demands" that plaintiff has sent to
21   defendant.  (Humphrey Decl., ¶ 5.)  See Johnson, 572 F.3d at 1083 (district court may consider
22   hearsay in deciding whether to issue a preliminary injunction).  "Since Holston will never return
23   to [CPCC], there is no basis for Holston's motion for an injunction and temporary restraining
24   order."  (Id., ¶ 6.)
25   In an undated letter to defendant's attorney in response to her April 29, 2016 letter,
26   plaintiff acknowledged that he had yet to take a polygraph exam at CPCC "because I have been
27   removed from participation at CPCC by my parole agent based on a conflict of interest[.]"
28   Plaintiff continued that it was "highly unlikely" the polygraph exam would take place, "not at

5

CPCC anyway." (Humphrey Decl., Ex. F.)

B. <u>Analysis</u>

  Plaintiff's allegations clearly raise constitutional concerns.  However, there is no evidence that the sole defendant in this action, CPCC Director Nieto, is likely to cause plaintiff constitutional harm in the future.  Rather, all the evidence suggests that plaintiff is unlikely to ever again be under defendant's supervision, including being administered a polygraph exam or asked potentially incriminating questions by defendant or CPCC staff.

  In November 2015, plaintiff was arrested for reasons unrelated to this action, and his parole was revoked.  (Holston Decl., ¶ 16.)  Since his recent release (<u>see</u> ECF No. 19), plaintiff has not been back to CPCC and acknowledges that his parole agent removed him from the program due to a "conflict of interest."  Defendant has no intention of re-admitting plaintiff to CPCC due to plaintiff's threatening letters, among other reasons.  Plaintiff concedes that any future polygraph test pursuant to his parole agreement is unlikely to take place at CPCC.

  On this record, plaintiff has not shown that defendant is likely to cause him imminent injury, nor that a preliminary injunction could prevent any such harm.  Thus there is no need to reach the issue of plaintiff's likelihood of success on the merits.  Plaintiff's motion for preliminary injunctive relief should be denied.

  Accordingly, IT IS HEREBY ORDERED THAT the Clerk of Court shall assign a district judge to this action.

  IT IS HEREBY RECOMMENDED THAT plaintiff's motion for preliminary injunction (ECF No. 11) be denied.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

////

////

1 | failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated: June 27, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

9 | 2 / hols1870.pi