UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK NIETO,<br><br>　　　　　　Defendant. | No. 2:15-cv-1870 GEB AC P<br><br><br>FINDINGS & RECOMMENDATIONS |

  This is a civil rights case filed by plaintiff when he was detained in the El Dorado County Jail. A recent court order served on plaintiff's most recent address of record was returned by the postal service, designated "Return to Sender." See ECF No. 60 (order served September 7, 2016; returned September 26, 2016). An order of judgment in related case Holston v. Warstler, Case No. 2:15-cv-0981, was returned by the postal service on October 25, 2016, designated "Return to Sender, Unclaimed, Unable to Forward." See id., ECF No. 50.

  It is clear that plaintiff has failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona promptly inform the court of any address change. Local Rule 183(b) authorizes dismissal of an action without prejudice if a notice of address change has not been provided within sixty-three days after the return of a court order. Because sixty-three days have passed since the postal service returned the aforementioned court order on September 26,

////

1

2016, dismissal of this action without prejudice is warranted for failure to prosecute. See Local Rule 183(b).

Additional circumstances, however, warrant a more severe sanction. In the present case, plaintiff failed to respond to the motion for summary judgment defendant filed and served on plaintiff on August 25, 2016. See ECF No. 57. By order filed February 9, 2016, the court had generally advised plaintiff of the requirements for opposing a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. See ECF No. 12 (also citing Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988)); see also ECF No. 57 at 1-4 (on August 25, 2016, defendant independently provided plaintiff with the Rand notice). The court informed plaintiff that failure to oppose a motion for summary judgment could "result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default." ECF No. 12 at 5-6 (citing Fed. R. Civ. P. 41(b), which provides in pertinent part that failure to prosecute or abide by court rules may warrant a dismissal that "operates as an adjudication on the merits").

Local Rule 183(a) authorizes "dismissal, judgment by default, or any other sanction appropriate under these rules" when a party proceeding in propria persona fails to abide by the "Federal Rules of Civil Procedure, these [Local] Rules, and all other applicable law." See also Local Rule 110 (failure to comply with the rules and orders of this court "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court").

The court finds that dismissal of this action without prejudice would be prejudicial to defendant, who devoted substantial time and expense to his defense by preparing, filing and serving on plaintiff his motion for summary judgment. For this reason, the undersigned will recommend that this action be dismissed with prejudice. See Local Rules 110, 183(a); see also Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice due to plaintiff's failure to prosecute and failure to comply with the Federal Rules of Civil Procedure and Local Rules and orders of this court.

1   These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
3 days after being served with these findings and recommendations, plaintiff may file written
4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7 F.2d 1153 (9th Cir. 1991).
8 DATED: November 29, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE